UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 01-cr-220 (JCH) |
| | : | |
| GERALD COLEY | : | MAY 12, 2009 |

**RULING RE: MOTION FOR REDUCTION OF SENTENCE (Doc. No. 59)**

Defendant Gerald Coley has filed a Motion for Order to Show Cause and for Reduction of Sentence (Doc. No. 59), in which Motion he seeks to benefit from the retroactive change in the sentencing guidelines for crack-cocaine offenses.

At sentencing,[1] the court determined that Coley was a career offender. The court noted that, with or without career offender status, Coley's base offense level was 32 and his criminal history category was VI.[2] After accounting for acceptance of responsibility, Coley faced a guidelines range of 151-188 months imprisonment.

In addressing how to sentence those who qualify for career offender status, the November 1, 2001 Sentencing Guidelines manual, which applied to Coley's sentencing, provides that "[i]f the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply." U.S.S.G. § 4B1.1 (Nov. 1, 2001). The applicable base offense level from the table, 32, was not greater than the offense level otherwise applicable, 32, and

---

[1] The court has reviewed the PSR and Statement of Reasons in connection with the instant Motion.

[2] The drug quantity applicable to Coley was 57 grams of cocaine base.

1

accordingly the court calculated Coley's offense level pursuant to § 2D1.1.  PSR at ¶ 10; Statement of Reasons ("SOR") at ¶ III.  The court did not grant any downward departures.  SOR at ¶ 4.  Accordingly, Coley's guideline range remained at 151-188 months.  After weighing the appropriate statutory and guidelines factors, the court concluded that a sentence of 151 months imprisonment was appropriate.

Coley now asks for resentencing.  Were Coley to be sentenced anew today, his applicable offense level, based upon his drug quantity and without career offender status, would be 30, or 27 after accounting for acceptance of responsibility.  In a recent case, the Second Circuit held that when a defendant designated a career offender was granted a departure so that he was ultimately sentenced based on the crack cocaine quantity guidelines, he is eligible for a reduced sentence.  United States v. McGee, 553 F.3d 225 (2d Cir. 2009).  Coley was sentenced pursuant to the crack cocaine quantity guidelines in U.S.S.G. § 2D1.1, but only because the career offender and quantity guideline base offense level were the same.  He was not granted a departure.  Because the career offender guidelines still apply to Coley, his pre-departure offense level on resentencing would remain 32.  See U.S.S.G. 4B1.1(b) (Nov. 1, 2008) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."). Accounting for acceptance of responsibility, the applicable offense level would be 29, and the applicable guidelines range would be 151-188 months.  Accordingly, his applicable guideline range remains the same both before and after the recent

amendment.

Coley also suggests that in light of the Supreme Court's opinions in Kimbrough v. United States, 128 S. Ct. 558 (2008), Gall v. United States, 128 S. Ct. 58 (2008), and United States v. Booker, 543 U.S. 220 (2005), and because, he claims, he was sentenced pursuant to the 2D1.1 guideline range which has now been amended, this court somehow retains discretion to resentence him de novo. The court disagrees.

When a guideline change has been made retroactive, the court's sole authority to resentence a defendant arises from 18 U.S.C. § 3582(c). That statute requires that any resentencing be "consistent with applicable policy statements issued by the Sentencing Commission." Id. Here, the relevant policy statement only permits a sentence reduction if the crack-cocaine amendments "have the effect of lowering the defendant's applicable guideline range" within the meaning of USSG § 1B1.10(a)(2)(B). Because the crack-cocaine amendments did nothing to alter the applicable guideline range for Coley, this court is statutorily barred from resentencing him. Cf. United States v. Ogman, 535 F.3d 108, 111 (2d Cir. 2008) (holding that where sentence is pursuant to the guideline range that results from status as a career offender, and without reliance upon the guidelines' drug quantity table, remand to district court for resentencing is not appropriate).

Nothing in Booker and its progeny is to the contrary. Booker simply held that 18 U.S.C. § 3553(b) was unconstitutional because it required judges to sentence defendants in accord with the sentencing guidelines at their initial sentence. See

Booker, 543 U.S. at 232-33.  Here, the court is not applying section 3553(b).  Instead, it is applying section 3582(c), coupled with the relevant policy statements of the Sentencing Commission.

Nor can it be said that section 3582(c) violates Coley's Sixth Amendment rights.  In finding a constitutional violation in Booker, the court was simply enforcing the Sixth Amendment's promise that the government will not be able to bypass a jury in order to increase a defendant's sentence.  Id. at 230-237.  Here, before the Sentencing Commission made its retroactive change, Coley's sentence was fully authorized by his guilty plea.  After that valid sentence became final, the Sentencing Commission exercised its Congressionally delegated power to give a benefit to a class of individuals that does not include Coley.  Importantly, Coley's sentence is still no higher than it was the day his sentence became final.  Accordingly, the government has not increased Coley's sentence above what was authorized by his guilty plea.

Coley's Motion for Reduction of Sentence (Doc. No. 59) is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 12th day of May, 2009.

                        /s/ Janet C. Hall
                        Janet C. Hall
                        United States District Judge